UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:13-CV-01653-TLN-CKD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court pursuant to Defendant United States of America's ("Defendant") Motion for Summary Judgment. (Def's. Mot. Summ. J., ECF No. 18.) Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm") opposes Defendant's Motion. (Opp. to Defs.' Mot. Summ. J., ECF No. 20.) The Court has carefully considered the arguments raised by both parties. For the reasons set forth below, Defendant's Motion for Summary Judgment is DENIED.

I.     **FACTUAL AND PROCEDURAL HISTORY**

This matter arises out of a property damage subrogation claim due to an automobile collision which occurred on November 19, 2012 near 3255 West March Lane, an area called "Brookside Business Park" in Stockton, California. (Def.'s Mem. Supp. Mot. Summ. J., ECF No. 18-1 at 1.) Many of the facts about this accident are in dispute. It is undisputed that on the day of

1

1   the accident, State Farm's insured, Tamberlyn Lenor, was driving west-bound on a two-lane
2   street within Brookside Business Park that runs between Brookside Road and Deer Park Drive.
3   (ECF No. 18-1 at 2.)  U.S. Postal Driver Jasbir Badyal, in the course and scope of his
4   employment, was driving a two-ton Postal Service delivery vehicle in the Brookside Business
5   Park.  (ECF No. 18-1 at 2.)  State Farm's insured Tamberlyn Lenor was driving behind the U.S.
6   Postal vehicle for a brief period of time before the accident occurred.  (ECF No. 18-1 at 2.)
7   There was an impact between Defendant's vehicle and the passenger side of Plaintiff's insured
8   vehicle.  (ECF No. 18-1 at 2.)  On February 11, 2013, State Farm submitted an administrative
9   tort claim to the U.S. Postal service for $3,488.56 ($2,998.56 in property damage and $500 for the
10  insured's deductible).  (ECF No. 18-1 at 2.)  Plaintiff's Complaint brings forth causes of action
11  for negligence and damages.  (ECF No. 1 at 3–4).

12  **II.     STANDARD OF LAW**

13         Summary judgment is appropriate when the moving party demonstrates no genuine issue
14  as to any material fact exists, and therefore, the moving party is entitled to judgment as a matter
15  of law.  Fed. R. Civ. P. 56 (c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under
16  summary judgment practice, the moving party always bears the initial responsibility of informing
17  the district court of the basis of its motion, and identifying those portions of "the pleadings,
18  depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"
19  which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*
20  *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof
21  at trial on a dispositive issue, a summary judgment motion may properly be made in reliance
22  solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at
23  324 (internal quotations omitted).  Indeed, summary judgment should be entered against a party
24  who does not make a showing sufficient to establish the existence of an element essential to that
25  party's case, and on which that party will bear the burden of proof at trial.
26         If the moving party meets its initial responsibility, the burden then shifts to the opposing
27  party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec.*
28  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank v. Cities Serv.*

*Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *First Nat'l Bank*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587.

///

### III.     ANALYSIS

The basis of Defendant's Motion for Summary Judgment is that it was a violation of sections 21750 and 21752 of the California Vehicle Code for State Farm's insured to unsafely pass another vehicle on the left or to make such a pass within 100 feet of an intersection. (ECF No. 18-1 at 1.) Therefore, they claim that any damage to the vehicle of State Farm's insured was a result of its insured's comparative negligence *per se*. (ECF No. 18-1 at 1.) The Court is unclear as to the basis of Defendant's jump to the Plaintiff's inability to recover damages in this situation, but the Court construes Defendant's argument to be that the *per se* comparative negligence of Plaintiff's insured is the proximate cause of the accident, and thus would bar Plaintiffs from recovering any damages from the Defendant. (ECF No. 18-1 at 5.) Defendant does not cite legal authority for this proposition. However, the Court need not address whether this argument is legally valid as there are material facts in dispute about this accident and therefore the Court is unable to find that as a matter of law Plaintiff's insured was negligent *per se*.

Under California Evidence Code section 669, failure of a person to exercise due care (negligence) is presumed if: (1) a statute, ordinance, or regulation of a public entity is violated; (2) death or injury to person or property was proximately caused by the violation; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted. Cal. Evid. Code § 669(a); *see also Rios v. City of Fresno*, No. CV-F-05-644 OWW/SMS, 2006 WL 3300452 at *21 (E.D. Cal. Nov. 14, 2006) (citing *Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1285 (2006)). The presumption may be rebutted by proof that "[t]he person violating the statute, ordinance, or regulation did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." Cal. Evid. Code § 669(b). "Whether or not a party to an action has violated a statute, ordinance, or regulation [] is generally a question of fact. However, if a party admits the violation or if the evidence of the violation is undisputed, it is appropriate for the judge to instruct the jury that a violation of the statute, ordinance, or regulation has been established as a matter of law." Cal. Evid. Code § 669 (West).

4

Defendant argues that the undisputed facts demonstrate that State Farm's insured violated sections 21750 and 21752 of the California Vehicle Code, thereby meeting the first requirement of negligence *per se*, violation of a statute. The Court disagrees. Section 21750 of the California Vehicle Code provides: "[t]he driver of a vehicle overtaking another vehicle or a bicycle proceeding in the same direction shall pass to the left at a safe distance without interfering with the safe operation of the overtaken vehicle or bicycle, subject to the limitations and exceptions hereinafter stated." One of those stated exceptions is section 21752, which provides: "[n]o vehicle shall be driven to the left side of the roadway under the following conditions: * * * (d) When approaching within 100 feet of or when traversing any intersection." Accordingly, for *per se* negligence to exist in this case, it must be undisputed that State Farm's insured passed at an unsafe distance on the left, and/or passed on the left within 100 feet of the intersection.

Defendant contends that "State Farm's insured not only tried to overtake and pass the Postal vehicle on the left at an unsafe distance that interfered with the Postal vehicle's safe operation in violation of California Vehicle Code section 21750, but she tried to overtake and pass the Postal vehicle well within 100 feet of an intersection in violation of California Vehicle Code section 21750." (ECF No. 18-1 at 4.) In support of this assertion, Defendant references the Badyal Declaration at paragraph 4 and Plaintiff's Response to Request for Admissions number 4. (ECF No. 18-1 at 4.) Paragraph 4 of the Badyal Declaration 4 does support these assertions:

> I was driving west-bound on a two-lane street within the Brookside Business Park that runs between Brookside Road and Deer Park Drive. There was a vehicle driving behind me, which I later learned was driven by Tamberlyn Lenor. At an intersection within Brookside Business Park, I intended to make a left-hand turn and indicated my intent by turning on my left-turn signal as I approached the intersection. As I was initiating my left-hand turn at the intersection, Ms. Lenor tried to pass the Postal vehicle I was driving on the left. The Postal vehicle I was driving collided with the passenger side of Ms. Lenor's vehicle when she tried to pass me.

(ECF 18-2 at 1-3.) However, Plaintiff's Response number 4 to the Request for Admissions only supports a claim that State Farm's insured passed the postal vehicle on the left, not that the insured passed at unsafe distance on the left, and/or passed on the left within 100 feet of the intersection.

5

> REQUEST NO. 4:
>
> Admit that State Farm's insured driver attempted to pass the United States postal vehicle on left ("on the left," here and hereinafter to refer to the insured driver's left as she was facing forward in vehicle she was driving).
>
> RESPONSE TO REQUEST NO. 4:
>
> Objection. This responding party objects to this request as ambiguous as to scope and time. Without waiving said objections responding party answers as follows: Admitted in full.

(ECF No. 18-3 at 4.) Further, the Court finds Plaintiff's Response to Request for Admissions number 5 directly contradicts such an assertion.

> REQUEST NO. 5:
>
> Admit that State Farm's insured driver saw the rear left turn signal of the United States vehicle, which was signaling that driver's intent to turn left as it approached an intersection with a street to which a left turn would lead it into the southwest section of the Brookside Business Park.
>
> RESPONSE TO REQEST NO. 5:
>
> Objection. This responding party objects to this request for admission on the grounds that form of the request is compound. Responding party further objects to this request on the grounds that it calls for speculation, facts not in evidence, and is vague and ambiguous as to scope and time. Without waiving said objections responding party answers as follows: Denied in full.

(ECF No. 18-3 at 4.) In summary, State Farm's insured denies that she passed at an unsafe distance on the left, and/or passed on the left "approaching an intersection." (ECF No. 18-3 at 4.) Finally, the declaration of State Farm's insured, Tamberlyn Lenor, submitted in support of their Opposition to Defendant's Motion for Summary Judgment, recounts her version of the accident in such a way as to refute that she passed at unsafe distance on the left, and/or passed on the left within 100 feet of the intersection.

> 6. The subject [postal] vehicle pulled over to the right side curb.
>
> 7. The subject vehicle did not activate a turn signal before or during its maneuver to the right side curb.
>
> 8. I did not observe any turn signals activated on the subject vehicle.
>
> 9. The subject vehicle came to a complete stop along side the right

curb.

10. When I observed the subject vehicle pull over to the right side curb and come to a complete stop, I stopped and waited in the street approximately 30-40 seconds.

11. When it appeared safe, I continued travelling straight on the street.

12. With the subject vehicle pulled over to the right, I travelled straight on the street and to the left side of the subject vehicle.

13. When I had travelled approximately 50 percent of the way passed the subject vehicle, the subject vehicle pulled from the right curb, without activating a turn signal and without clearing the area, entered traffic and collided with the passenger side of my vehicle.

(ECF No. 20-2 at 2.) As the Lenor Declaration demonstrates, there are genuine issues of material fact is dispute about how and why this accident occurred. The parties have differing versions of the truth that will require a trier of fact to determine. It is not clear to the Court that State Farm's insured passed on the left in an unsafe manner and/or within 100 feet of the intersection. In light of the disputed facts concerning this accident, summary judgment based on comparative negligence and lack of proximate cause is not appropriate.

**IV.   CONCLUSION**

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for Summary Judgment.

Dated:  December 4, 2015

Troy L. Nunley
United States District Judge